■ ROBERT E. CONDON, Appellant, v. JOSEPH W. CANNON, Respondent.— In an action by a purchaser under a written contract for the purchase and sale of certain property in Briarcliff Manor, Westchester County, to compel the defendant vendor to specifically perform the contract and to recover damages by reason of its alleged breach by the defendant, in which the defendant made a motion to dismiss the complaint as insufficient (CPLR 3211, subd. [a], par. 7) — such motion, however, being treated as one for summary judgment (CPLR 3211, subd. [c]), the plaintiff appeals from two orders of the Supreme Court, Westchester County: (1) an order entered June 3, 1964, which granted said motion to the extent of awarding partial summary judgment in the defendant's favor, dismissing so much of the complaint as seeks specific performance and as seeks damages in excess of the down payment and the net cost of any title examination and survey; and (2) an order entered October 29, 1964 upon reargument, which adhered to the court's original decision and denied plaintiff's motion (made on the reargument) to amend the complaint. Appeal from order of June 3, 1964 dismissed as academic, without costs; that order was superseded by the later order granting reargument. Order of October 29, 1964 modified: (1) by striking out so much of its first decretal paragraph as adheres to the court's original decision; and (2) by adding a new decretal paragraph providing that, upon reargument, the defendant's motion for summary judgment dismissing the complaint is denied in toto. As so modified, the order is affirmed, with $10 costs and disbursements to plaintiff. In our opinion, the contract, when read as a whole and in conjunction with the relationship of the parties, raises issues of fact which preclude the granting, in whole or in part, of summary judgment in favor of the defendant vendor. Such issues relate to the obligations, if any, imposed by the contract on the vendor and to his proper discharge of such obligations, to wit: (a) the building of a road; (b) making such other changes in the property, in compliance with the local ordinances, as would insure the issuance of a certificate of occupancy; and (c) whether the defendant's claimed inability to obtain the certificate of occupancy was occasioned by his own default. A plenary trial is required to determine the issues and the plaintiff's right to specific performance and to any other relief which he seeks under his complaint. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.